THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE ELLIS SIMMONS, Defendant-Appellant.

Second District   No. 76-467

Opinion filed April 11, 1978.—Rehearing denied May 9, 1978.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Jan Tuckerman, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

A hearing was conducted in the trial court in accordance with the Illinois Supreme Court's mandate to use "special care in scrutinizing the record" to determine whether the minor's confession was voluntary. (*People v. Simmons*, 60 Ill. 2d 173, 181 (1975).) The trial court so found and reinstated the convictions and sentences. Defendant again appeals. We affirm.

Upon motion of the defendant there was a substitution of judges to hear the case on remand. The hearing judge considered the transcript of the prior hearing on the motion to suppress the confession and also heard additional evidence consisting of the testimony of a psychiatrist presented by the defense. The essential facts are set forth in the opinion of the supreme court. The additional testimony of Dr. Graybill, the psychiatrist, who testified on remand was to the effect that defendant's comprehension of social situations and his ability "verbally to abstract" as well as his general information were very low. He stated that the defendant, "when he is anxious, * * * is easily influenced. Thus, it is likely that he did not understand his rights when he made his statement to the police." He further stated that it was his opinion that the defendant was "so easily influenced and so suggestible, that he could have waived these rights and not really comprehended what he was doing."

The judge in ruling that defendant's confession was voluntary articulated the grounds, in substance:

(1) the defendant was experienced in dealing with the criminal justice system; (2) he did not exhibit any inability to comprehend the English language; (3) he was advised of his rights to remain silent on seven to nine occasions; (4) his mother was present when he signed the agreement to take the polygraph examination; (5) defendant's brother was present during much of the questioning and accompanied the defendant to Chicago when the examination was scheduled; (6) there was no evidence of physical force or coercion or of subtle, psychological pressure; and (7) the testimony of Dr. Graybill was not persuasive.

■■ It further appears from the record that the judge used the special care in scrutinizing the record which was mandated. Further, his conclusion following such scrutiny is not contrary to the manifest weight of the evidence and is therefore not disturbed on review. See *In re Lamb*, 61 Ill. 2d 383, 388 (1975).

■■ Defense counsel argues that defendant's low mental capacity should weigh heavily on the issue of his ability to comprehend his rights and to make a voluntary waiver. The defendant had received a score of 80 on the Wechsler adult intelligence scale. The psychiatrist testified that he was possessed of "dull-normal" intelligence. These facts did not necessarily render defendant incapable of comprehending the *Miranda* warnings or making a knowing and intelligent waiver of his constitutional rights. *People v. Hester*, 39 Ill. 2d 489, 500-02 (1968). See also *In re Stiff*, 32 Ill. App. 3d 971, 976 (1975).

■■ The defendant had passed the 8th grade and was in the 9th when he was expelled from school. A review of his testimony at the original motion to suppress shows defendant was quite articulate. It further appears from the record that he was aware of his constitutional rights through extensive questioning during a period of time when he maintained his innocence. During all of the questioning there appears no evidence of physical abuse, the minor's mother and brother were present for extended times during the interrogation, and the final written statement was not the result of suggestive or leading questions by the questioner. The suggestion by defendant's parole officer that defendant tell the truth to the police of course does not amount to coercion. *People v. Wipfler*, 68 Ill. 2d 158, 173 (1977).

■■ In addition, defendant argues that he was denied a request for counsel and that we should weigh this factor heavily in reviewing voluntariness. The defendant testified that when he was arrested on July 28 he requested that the police contact a lawyer who had represented him in the past. However, the officer to whom he claimed to have made the request testified that no such request was made. In any event the confession was not made until approximately 24 hours later and although

defendant was with his family part of the time he does not claim any further request for counsel. Whether defendant was denied access to counsel was a matter to be resolved by the judge on the conflicting facts. The fact that defendant did not have counsel was a circumstance to be considered but on the whole record the conclusion of voluntariness was not against the manifest weight of the evidence. See *People v. Nemke*, 46 Ill. 2d 49, 57 (1970).

■■ From his careful scrutiny of the record the hearing judge could well conclude that the confession was knowing and voluntary, not only in the sense that it was not coerced or suggested but also in the sense that it was not the product of ignorance of the defendant's rights or made because of "adolescent fantasy, fright or despair." (*People v. Simmons*, 60 Ill. 2d 173, 180 (1975). See also *People v. Prude*, 66 Ill. 2d 470, 476 (1977); *People v. Wipfler*, 68 Ill. 2d 158, 171-74; *In re Shutters*, 56 Ill. App. 3d 184 (1977).) We find *People v. Turner*, 56 Ill. 2d 201 (1973), and *People v. Groleau*, 44 Ill. App. 3d 807 (1976), cited by defendant to be clearly distinguishable on their facts. We therefore affirm.

Affirmed.

RECHENMACHER and BOYLE, JJ., concur.